IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRADLEY J. SAULSBURY,
    Plaintiff,

vs.                                Case No. 3:11cv188/RV/CJK

ANWAR A. CHOWDHURY,
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Defendant Chowdhury moves to dismiss the complaint for failure to state a claim, for lack of standing, and as moot. (Doc. 16). Plaintiff opposes dismissal. (Doc. 20). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the Court concludes that defendant's motion should be granted and this case dismissed as moot.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Blackwater River Correctional Facility. (Doc. 14). Plaintiff was confined at Walton Correctional Institution ("Walton CI") at all times relevant to the complaint. (Doc. 1). Plaintiff's complaint names one defendant: Anwar Chowdhury, a Physician's

Assistant at Walton CI. (*Id.*, p. 2). Plaintiff claims defendant Chowdhury deprived him of adequate medical care in violation of the Eighth Amendment, when Chowdhury cancelled all of plaintiff's medications and plaintiff's appointment to see a "skin cancer specialist." (*Id.*, p. 7). Plaintiff complains that "now the cancer is eating holes in my face." (*Id.*). As relief, plaintiff seeks the return of his medications and an appointment with a skin cancer specialist. (*Id.*, p. 8).

## DISCUSSION

Article III of the Constitution limits the federal courts to deciding "cases" and "controversies." U.S. Const. art. III, § 1. The case-or-controversy requirement means that "the federal courts cannot exercise jurisdiction over cases where the parties lack standing, or where the issue in controversy has become moot." *Fla. Wildlife Fed'n, Inc. v. South Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011). The plaintiff "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). A plaintiff seeking injunctive relief must show:

> that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Id.* (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-181, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000)); *Stewart v. McGinnis*, 5 F.3d 1031, 1037 (7th Cir. 1993) (holding that a plaintiff seeking to obtain prospective injunctive relief must establish that he has a "personal stake" in the outcome of the proceedings by showing a "real and immediate" threat of future injury). Evidence of past wrongs alone is insufficient to merit equitable relief. *City*

*of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury."), *abrogated on other grounds, Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla. Wildlife Fed'n.*, 647 F.3d at 1302 (citations omitted).

Plaintiff's allegations against defendant Chowdhury concern the conditions of plaintiff's confinement at Walton CI (the cancellation of plaintiff's medications and appointment to see a skin cancer specialist). Plaintiff's prayer for relief is for prospective injunctive relief to correct those conditions (the return of plaintiff medications and plaintiff's referral to a specialist). Plaintiff's transfer from Walton CI to a different correctional facility moots this case. *See, e.g., Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that inmate's claims regarding treatment at a facility at which inmate was no longer incarcerated were moot); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (holding that inmate's claims for declaratory and injunctive relief against head of prison were mooted by inmate's release from prison); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or

controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects."). Plaintiff fails to allege any of the circumstances that might qualify him for an exception to the mootness doctrine. *See* Doc. 20.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's motion to dismiss (doc. 16) be GRANTED.

2. That this case be DISMISSED WITHOUT PREJUDICE as moot.

3. That the Clerk be directed to close the file.

At Pensacola, Florida this 1st day of June, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties</u>. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).